# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

THOMAS R. AUSTIN,

        Petitioner,

v.                                                           Case No. 09-CV-929

JODINE DEPPISCH,

        Respondent.

_____

# ORDER

On September 25, 2009, petitioner Thomas R. Austin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a pleading guilty in Fond du Lac County Circuit Court, Austin was convicted of Injury by Use of a Vehicle with a Prohibited Alcohol Concentration ("PAC"), a violation of Wis. Stat. § 940.25(1)(b), and Operating a Vehicle with PAC, fifth and subsequent offense, a violation of Wis. Stat. 346.63(1)(b). Austin was sentenced to ten and a half years' imprisonment, and eight years' extended supervision. Austin is currently confined to the Fox Lake Correctional Institution in Fox Lake, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually

frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Austin's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears Austin's petition is timely. According to the information provided in his federal habeas petition, Austin's conviction became final on October 13, 2009, which was 90 days after the Wisconsin Supreme Court denied Austin's petition for review.

The court continues its Rule 4 review by examining Austin's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required

to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that at least some of the claims in Austin's petition have not been exhausted. Austin's petition lists four grounds for relief, yet each ground contains several claims. The claims that were exhausted are those that were raised before the Wisconsin Court of Appeals in Austin's direct appeal from his conviction. Those issues were: 1) did the circuit court erroneously exercise its discretion when it accepted Austin's waiver to the conflict-of-interest issue defense counsel raised; 2) were Austin's Alford[1] pleas entered knowingly and voluntarily; 3) did the circuit

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970); *see also State v. Garcia*, 532 N.W.2d 111, 115 (Wis. 1995) ("An Alford plea is a guilty plea in which the defendant pleads guilty while either maintaining his innocence or not admitting having committed the crime.").

-3-

court properly permit the state to amend the Information at the plea hearing; 4) did the circuit court err in denying Austin's presentence motion to withdraw his Alford pleas; 5) did the circuit court abuse its discretion in sentencing Austin; 6) did the circuit court properly deny Austin's post-sentence motion to withdraw his pleas on the ground that his counsel was ineffective; 7) were Austin's prior Walworth county drunk driving convictions illegally obtained; and 8) did Austin suffer unfair bias as a result of a newspaper misquoting him as saying he intended to run the stop sign where the accident occurred. While some of these claims are present in Austin's federal habeas petition, there are many additional claims also present in his federal habeas petition.

The issue of exhaustion in this case is vexing for two reasons. First, the record does not contain any of the briefs Austin filed with the state courts in his direct appeal proceedings, thus, this court has no way of knowing precisely what issues Austin did in fact raise. The second reason exhaustion is problematic in this case is because Austin's federal habeas petition is rambling, borderline incoherent, and substantially exceeds the habeas worksheet's spatial limitations. To order the state to respond to Austin's present petition would impose an undue burden on the state, given the general unintelligibleness of the petition.

Austin's petition seems to focus on three major issues. First is the fact that his car was never subjected to an intense diagnostic test, specifically focusing on the brakes. Second is the fact that a newspaper ran a story in which it credited Austin

-4-

with having said, according to an investigating officer, that he intended to run the stop sign at which the accident occurred. Third is the fact that Austin believes two of his previous drunk driving convictions are not valid. These three issues underlie claims of ineffective assistance of trial counsel, ineffective assistance of post-conviction counsel, prosecutorial misconduct, and error on the part of the trial court for not allowing Austin to withdraw his Alford pleas. All of those issues appear to be exhausted and thus permissible in this federal habeas petition. If those are the only issues Austin wishes to raise, then he can simply re-file and state as much in a clear, understandable manner. If there are other issues that Austin wishes to raise – as his present petition appears to indicate – then he needs to clearly delineate those issues in order that this court can determine if they are exhausted, and so that the state can have a petition to which it can actually respond.

The court next reviews Austin's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default on a constitutional claim in a habeas petition by failing to raise the claim in a manner

-5-

prescribed by state procedural laws.  *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, the court notes that it does not appear Austin's claims are procedurally defaulted.  However, the court is unable to reach the merits of the issue given the court's holding on the issue of exhaustion.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Austin's federal habeas petition.  *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).  The majority of Austin's claims do not appear patently frivolous, though one of the claims does.  The fact that he was misquoted as saying that he intended to run the stop sign seems irrelevant to any of the claims he presents.  Undoubtedly, such a statement could engender bias against a defendant charged with intentionally running a stop sign and causing injury.  However, Austin was charged with causing injury as a result of driving while intoxicated, not of intentionally running a stop sign.  The salient question was his blood alcohol content, which was undisputedly far in excess of the legal limit.  The court is not prepared to foreclose Austin from raising this issue, but he will have to explain how it is relevant.

Because, as best the court can determine, Austin has not exhausted all of his claims, his petition must be dismissed.  He may either exhaust whatever claims he wishes to raise other than those that the court herein identified as exhausted, or he can re-file his petition clearly raising and articulating only exhausted claims, or he is free to do neither if he chooses.

-6-

Accordingly,

**IT IS ORDERED** that Austin's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DISMISSED** without prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-7-

Case 2:09-cv-00929-JPS   Filed 12/03/09   Page 7 of 7   Document 4